JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

CHERRY ROBINSON

**(b)** County of Residence of First Listed Plaintiff HUDSON (NJ)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

**DEFENDANTS** INTRINSIC CAPITAL PARTNERS; NEXTEVO, INC.; SYMPHONIC M.D., INC.; HOWARD GOODWIN, M.D.; GERALD STAHLECKER; CORNELIUS MERLINI; ROSS DESMARAIS

County of Residence of First Listed Defendant MONTGOMERY (PA)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Diversity; Breach of Contract; Pennsylvania Wage Payment and Collection Law

Brief description of cause:
Violations of PA Wage Payment and Collection Law per Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE
09/23/2026

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE #21374

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

10/2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: 200 Barr Harbor Drive, Suite 400, West Conshohocken, Pennsylvania 19428

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:____________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☒ 8. All Other Diversity Cases: *(Please specify)*____________ ___**CONTRACT OTHER** ____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CHERRY ROBINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| INTRINSIC CAPITAL PARTNERS; NEXTEVO, INC.; SYMPHONIC M.D., INC.; HOWARD GOODWIN, M.D.; GERALD STAHLECKER; CORNELIUS MERLINI; ROSS DESMARAIS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)

| | | |
|---|---|---|
| 09/23/2026 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHERRY ROBINSON,<br>Plaintiff,<br>v.<br><br>INTRINSIC CAPITAL PARTNERS; NEXTEVO, INC.; SYMPHONIC M.D., INC.; HOWARD GOODWIN, M.D.; GERALD STAHLECKER; CORNELIUS MERLINI; and ROSS DESMARAIS<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.:<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff Cherry Robinson ("Ms. Robinson" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendants Intrinsic Capital Partners, NextEvo, Inc. ("NextEvo"), Symphonic M.D., Inc. ("Symphonic"), Howard Goodwin, M.D., Gerald Stahlecker, Cornelius Merlini, and Ross Desmarais (collectively, "Defendants"), and in support alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action to recover wages and compensation owed to Ms. Robinson, a senior executive who served as Global General Manager and later President and Chief Executive Officer of two affiliated companies controlled by Intrinsic Capital Partners, and who has gone unpaid or underpaid for a period of approximately twenty-seven months despite Defendants' repeated admissions that the amounts owed are not disputed.

2. Ms. Robinson brings claims for breach of contract, violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq. ("WPCL"), unjust enrichment, and fraudulent inducement; and, she also seeks a declaratory judgment regarding her rights following her constructive termination for Good Reason.

## II. PARTIES:

3. Plaintiff Cherry Robinson is an individual residing at 100 Christopher Columbus Drive, Apt. 622, Jersey City, New Jersey 07302.

4. Defendant Intrinsic Capital Partners, is a partnership company which maintains whole and partially owned subsidiaries within the Pennsylvania and tri-state area with its former principal place of business at 181 Washington Street, Suite 450, Conshohocken, Pennsylvania 19428. Defendant Intrinsic Capital Partners transitioned in August, 2025 to a fully remote operational model, with a place of business located at 200 Barr Harbor Drive, Suite 400, West Conshohocken, Pennsylvania 19428. This office remains open to maintain a physical corporate presence.

5. Defendant NextEvo, Inc. ("NextEvo") is, upon information and belief, a Delaware corporation with its former principal place of business at 181 Washington Street, Suite 450, Conshohocken, Pennsylvania 19428. Defendant NextEvo, Inc. transitioned in August, 2025 to a fully remote operational model, with a place of business located at 200 Barr Harbor Drive, Suite 400, West Conshohocken, Pennsylvania 19428. This office remains open to maintain a physical corporate presence. Defendant NextEvo, Inc. is a subsidiary of Intrinsic Capital Partners, the parent company which does business in Pennsylvania and the tri-state area.

6. Defendant Symphonic M.D., Inc. ("Symphonic") is, upon information and belief, a Delaware corporation with its former principal place of business at 181 Washington Street, Suite 450, Conshohocken, Pennsylvania 19428, formed as a successor to the Symphonic M.D. business unit previously operated within NextEvo. Defendant Symphonic M.D. transitioned in August, 2025 to a fully remote operational model, with a place of business

located at 200 Barr Harbor Drive, Suite 400, West Conshohocken, Pennsylvania 19428. This office remains open to maintain a physical corporate presence. Symphonic M.D. Inc. is a subsidiary of Intrinsic Capital Partners, the parent company which does business in Pennsylvania and the tri-state area.

7. Defendant Howard Goodwin, M.D. is, upon information and belief, Senior Managing Partner of Intrinsic Capital Partners and, at all relevant times, exercised direct and personal authority over compensation, budget, and payroll decisions affecting Plaintiff, including decisions regarding the deferral and partial payment of Plaintiff's wages with a place of business located at 200 Barr Harbor Drive, Suite 400, West Conshohocken, Pennsylvania 19428.

8. Defendant Gerald Stahlecker is, upon information and belief, a Managing Partner of Intrinsic Capital Partners and, at all relevant times, exercised direct and personal authority over compensation and budget decisions affecting Plaintiff with a place of business located at 200 Barr Harbor Drive, Suite 400, West Conshohocken, Pennsylvania 19428.

9. Defendant Cornelius Merlini is, upon information and belief, a Managing Partner of Intrinsic Capital Partners and is named as a defendant to the extent discovery establishes his personal participation in the compensation decisions described herein with a place of residence located at 5 West Hampton Road, Philadelphia, Pennsylvania 19118.

10. Defendant Ross Desmarais is, upon information and belief, a Partner of Intrinsic Capital Partners and is named as a defendant to the extent discovery establishes his personal participation in the compensation decisions described herein with a place of residence located at 17 Prescott Road, Lynn, Massachusetts 01902.

11. Each individual Defendant is sued in his individual capacity as an "employer" within

the meaning of the WPCL, 43 P.S. § 260.2a, by virtue of his active role in corporate decision-making and policy-making concerning wages and compensation owed to Plaintiff.

## III. JURISDICTION AND VENUE:

12. Jurisdiction is appropriate based on diversity jurisdiction under 28 U.S.C. § 1332, as there is complete diversity and amount in controversy exceeds $75,000.

13. Plaintiff is, upon information and belief, a citizen of New Jersey; Defendant NextEvo and Defendant Symphonic are, upon information and belief, Delaware corporations with their principal places of business in Pennsylvania; and the amount in controversy exceeds $75,000, exclusive of interest and costs, such that jurisdiction is proper under 28 U.S.C. § 1332(a).

14. Venue and forum are additionally proper in this Court because Section 15 of the March 4, 2022 NextEvo Offer Letter and Section 16 of the May 5, 2025 Symphonic Offer Letter each provide that any claim arising out of or related to Plaintiff's employment "shall be solely and exclusively governed by, and enforced in accordance with, the internal laws of the Commonwealth of Pennsylvania," and that the United States District Court for the Eastern District of Pennsylvania is the parties' agreed and exclusive forum unless and until it declines jurisdiction.

15. Personal jurisdiction and venue are further proper because Defendants transact business in this District, the corporate Defendants maintain their principal place of business in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## IV. FACTUAL ALLEGATIONS:

### A. Plaintiff's Employment with NextEvo

16. On March 4, 2022, NextEvo extended Plaintiff a written offer of employment as Global General Manager of Skin Care, at an annualized base salary of $192,500, which Plaintiff accepted (the "NextEvo Offer Letter").

17. NextEvo, incubated and owned by Intrinsic Capital Partners, engaged Plaintiff to build a skincare portfolio as a founder in residence. Working with two outside physician advisors, Plaintiff's efforts produced the Symphonic M.D. skincare line, a six-product collection supported by a planned $7 million launch budget.

### B. The Accelerated Launch and Undisclosed Fund Diversion

18. In mid-2023, NextEvo's then-Chief Executive Officer, John McDonagh, directed that the planned Q1 2024 launch be moved to Q4 2023, stating that the company "needed a win." Plaintiff objected on the grounds that the accelerated timeline was not optimal for a skincare launch and would increase costs. The parties compromised on launching two of four products before Thanksgiving 2023, which required air-freighting packaging components and expediting manufacturing at substantial additional cost.

19. On November 14, 2023, NextEvo held a media launch event attended by a managing partner of Intrinsic Capital Partners, who directed Plaintiff to model an increased investment of approximately $20 million and to project the resulting velocity, revenue, and profit.

20. Approximately two weeks later, in late November 2023, NextEvo's then-CEO informed Plaintiff that all budgets had to be reduced notwithstanding commitments already made to external agency partners, without explanation.

21. In December 2023, Plaintiff worked with agency partners to reduce the planned budget and presented a revised forecast for December 2023 and the first quarter of 2024, which was approved by NextEvo.

22. In early January 2024, Plaintiff learned for the first time that the budget reductions were caused by NextEvo's diversion of funds allocated to the Symphonic M.D. launch to cover shortfalls in the underperforming NextEvo franchise, and that NextEvo was in a cash shortfall expected to continue until Intrinsic Capital Partners could raise a second investment fund ("Fund II"). This information had not been disclosed to Plaintiff at any point before or during the launch, and had it been disclosed, Plaintiff would have recommended delaying the launch.

23. In mid-Q1 2024, further budget reductions were requested and approved, Plaintiff was instructed to cancel all agency retainer agreements other than the public relations firm (whose engagement was to continue through September 2024), and NextEvo eliminated several positions.

**C. The Salary Deferral and Its Disparate Application**

24. In May 2024, NextEvo's then-CEO telephoned Plaintiff to state that all remaining employees would have their salaries deferred until Intrinsic Capital Partners could raise Fund II, and that the public relations agency retainer would end June 30, 2024, three months earlier than the September 2024 date approved that same quarter. Plaintiff's salary has been deferred from May 2024 to the present, a period of approximately twenty-seven months.

25. Despite her unpaid status, Plaintiff continued to manage the brand, assist the Intrinsic Capital Partners team with capital-raising efforts, and pursue channel and distributor expansion, including attending industry events at her own expense.

26. In September 2025, after being asked to join weekly meetings between the Intrinsic Capital Partners team and NextEvo, Plaintiff learned for the first time that not all NextEvo employees had, in fact, had their salaries deferred, and that funds had continued to be spent on marketing and promotional expenses during the period Plaintiff's compensation was withheld.

**D. Formation of Symphonic M.D. as a Separate Entity**

27. On May 5, 2025, Symphonic M.D., Inc. extended Plaintiff a written offer of employment as President and Chief Executive Officer, at an annualized base salary of $225,000 (the "Symphonic Offer Letter"), conditioned on NextEvo's sale of the Symphonic M.D. business unit's assets into the newly formed entity.

28. Section 14(c) of the Symphonic Offer Letter obligated NextEvo to pay Plaintiff, within thirty days of the letter's date, the accrued back pay owed to her beginning June 1, 2024, less the $50,000 already paid in March 2025 (the "Back Pay Amount").

**E. Continued Deferral, Partial Payments, and the NextEvo Turnaround**

29. Beginning May 2025, Plaintiff served as President and CEO of Symphonic while continuing to work without current pay. She has repeatedly raised the question of a fixed payment schedule by video call, telephone, text, and email; Defendants' responses have not resolved into a fixed schedule beyond representations that payment would occur "by end of the year."

30. In late June 2026, on a video call, Plaintiff was told she would receive an immediate payment of $100,000, with two further payments before year end.

31. On July 23, 2026, Plaintiff was informed the payment would instead be $25,000. Following Plaintiff's follow-up, that reduced amount was paid on July 31, 2026.

32. Beginning in September 2025, in addition to her Symphonic responsibilities, Plaintiff led a turnaround of NextEvo at Defendants' request, repositioning the brand, rationalizing its product portfolio from seventeen to five products, expanding combined gross margin by twelve percentage points, and reducing operating costs and inventory — all while her compensation remained unpaid, with ongoing promises that she would be paid in full.

**F. Transition, Exit Discussions, and Retaliatory Conduct**

33. On June 26, 2026, a first discussion with Defendants occurred regarding Plaintiff's transition and exit.

34. On July 28, 2026, in a second discussion, Ross Desmarais, partner committed to speaking with Howard Goodman, senior managing partner and arranging a three-way call that week to review and plan Plaintiff's transition. That call did not occur.

35. On July 30, 2026, at a scheduled NextEvo team meeting, it became apparent that Plaintiff's departure had already been communicated to team members without her knowledge, with no exit date or transition plan in place.

36. On July 31, 2026, Plaintiff informed Ross Desmarais, partner that the disclosure to the team was premature, reiterated that her transition and exit were tied directly to a fixed payment schedule, that she was not leaving for another position, and that she remained committed to completing her outstanding projects before year end.

37. On or before August 9, 2026, Plaintiff's corporate credit card was cancelled without notice. Plaintiff discovered the cancellation when a recurring monthly charge for the company website platform, processed automatically through PayPal, defaulted to her personal credit card after the corporate card was declined. Additional recurring charges have

since defaulted to Plaintiff's personal card. Plaintiff was also removed from all calendar meetings and text groups without explanation.

38. On August 10, 2026, at a transition meeting with three Intrinsic Capital Partners' partners, Plaintiff reviewed NextEvo files she had uploaded to a shared drive and restated her commitment to assist through the transition and that her exit remained tied to the repayment schedule. The senior managing partner was vague as to when repayment would occur, and Plaintiff asked that the schedule be put in writing.

39. On August 14 and August 18, 2026, Plaintiff was told by telephone on each occasion that a written payment schedule would follow within a few days. None was received.

**G. The Amounts Owed Are Undisputed**

40. At all relevant times, Defendants have acknowledged that the balance of deferred compensation owed to Plaintiff is not disputed. That amount is in excess of $316,717.18 not inclusive of the 2023 bonus (due Q1-2024) and accrued vacation days. Defendants have made only sporadic installment payments against that balance despite this acknowledgment and despite Plaintiff's repeated requests for a fixed, written payment schedule.

**COUNT I — BREACH OF CONTRACT**
**-(Against Defendant NextEvo, Inc.)**

41. Plaintiff incorporates by reference the allegations set forth above.

42. Section 14(c) of the Symphonic Offer Letter, executed by NextEvo as to Sections 14, 15, 16, and 19, obligated NextEvo to pay Plaintiff the Back Pay Amount — accrued back pay from June 1, 2024 through May 5, 2025, less amounts already paid — within thirty days of the letter's date.

43. NextEvo has failed to pay the full Back Pay Amount owed under Section 14(c), constituting a breach of a valid and enforceable written contract.

44. As a direct and proximate result of NextEvo's breach, Plaintiff has suffered damages in an amount to be determined at trial, including the unpaid balance of the Back Pay Amount, together with interest.

**COUNT II — VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 P.S. § 260.1, et seq.**
**-(Against Defendant NextEvo, Inc. and the Individual Defendants)**

45. Plaintiff incorporates by reference the allegations set forth above.

46. The Back Pay Amount described in Section 14(c) of the Symphonic Offer Letter constitutes "wages" within the meaning of the WPCL, 43 P.S. § 260.2a.

47. NextEvo is an "employer" within the meaning of the WPCL. The Individual Defendants are, upon information and belief, also "employers" within the meaning of the WPCL by virtue of their active, personal roles in corporate decision-making and policy-making concerning Plaintiff's compensation.

48. Defendants have withheld payment of wages due and owing to Plaintiff without a good-faith dispute as to the amount owed, as Defendants have repeatedly acknowledged that the balance owed is not disputed.

49. Pursuant to 43 P.S. § 260.10, because the wages at issue remain unpaid more than thirty days beyond their due date without a good-faith dispute, Plaintiff is entitled to the unpaid wages plus liquidated damages equal to twenty-five percent, together with reasonable attorneys' fees and costs.

**COUNT III — BREACH OF CONTRACT**
**-(Against Defendant Symphonic M.D., Inc.)**

50. Plaintiff incorporates by reference the allegations set forth above.

51. Section 4(a) of the Symphonic Offer Letter obligated Symphonic to pay Plaintiff an

annualized base salary of $225,000, payable bi-monthly in accordance with Symphonic's standard payroll practices, beginning on the Start Date in May 2025.

52. Symphonic has failed to pay Plaintiff's Base Salary in accordance with the terms of the Symphonic Offer Letter. Symphonic M.D. wages have not been paid since the May, 2025 start date and a salary deferral of NextEvo wages began June 2024 constituting a breach of a valid and enforceable written contract.

53. As a direct and proximate result of Symphonic's breach, Plaintiff has suffered damages in an amount to be determined at trial, together with interest

**COUNT IV — VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW,**
**43 P.S. § 260.1, et seq.**
**(Against Defendant Symphonic M.D., Inc. and the Individual Defendants)**

54. Plaintiff incorporates by reference the allegations set forth above.

55. Plaintiff's Base Salary under the Symphonic Offer Letter constitutes "wages" within the meaning of the WPCL.

56. Symphonic is an "employer" within the meaning of the WPCL. The Individual Defendants are, upon information and belief, also "employers" within the meaning of the WPCL by virtue of their active, personal roles in corporate decision-making and policy-making concerning Plaintiff's compensation, including the representations described herein.

57. Defendants have withheld payment of wages due and owing to Plaintiff without a good-faith dispute as to the amount owed.

58. Pursuant to 43 P.S. § 260.10, Plaintiff is entitled to the unpaid wages plus liquidated damages equal to twenty-five percent of the total unpaid amount, together with reasonable attorneys' fees and costs.

**COUNT V — UNJUST ENRICHMENT**
**-(Against All Defendants)**

59. Plaintiff incorporates by reference the allegations set forth above.

60. To the extent any express contract is found not to govern any portion of the value Plaintiff conferred on Defendants — including the NextEvo turnaround work performed by Plaintiff from September 2025 onward, which was outside the scope of her Symphonic role — Plaintiff conferred a benefit upon Defendants that Defendants knowingly accepted and retained.

61. It would be inequitable for Defendants to retain the benefit of Plaintiff's uncompensated work without payment of the reasonable value of that work.

62. Plaintiff is entitled to restitution in an amount to be determined at trial, together with attorney's fees, costs and interest.

63. On or before August 9, 2026, Defendants cancelled Plaintiff's corporate credit card without notice, causing recurring business charges to default to Plaintiff's personal credit card.

64. As a direct result, Plaintiff has incurred out-of-pocket charges properly belonging to Defendants as business expenses, in an amount to be determined at trial.

**COUNT VI — PROMISSORY ESTOPPEL-**
**(Against NextEvo, Inc., Symphonic M.D., Inc., and the Individual Defendants)**

65. Plaintiff incorporates by reference the allegations set forth above.

66. In late June 2026, on a video call, Defendants clearly and definitely promised Plaintiff that she would receive an immediate payment of $100,000, with two further payments to follow before year end.

67. Defendants made this promise knowing, or having reason to know, that Plaintiff would reasonably rely on it — including in continuing to forgo other opportunities, in continuing to perform services for NextEvo and Symphonic without current pay, and in refraining from taking further action to secure or enforce payment of amounts already owed to her.

68. Plaintiff did, in fact, reasonably and detrimentally rely on this promise.

69. On July 23, 2026, Defendants informed Plaintiff that the promised payment would instead be $25,000, less than one-quarter of the amount promised, and no further payments were made before year end as promised. Thereafter, reduced payments were made on August 15, 2026 for $8,333.00 and on September 15, 2026 for $4166.00.

70. Plaintiff is entitled to damages together with any additional damages flowing from her reliance on the promise, in an amount to be determined at trial.

**COUNT VII — FRAUD IN THE INDUCEMENT-**
**(Against NextEvo, Inc., Symphonic M.D., Inc., and the Individual Defendants)**

71. Plaintiff incorporates by reference the allegations set forth above.

72. In May 2024, NextEvo's then-CEO represented to Plaintiff that all remaining employees would have their salaries deferred until Intrinsic Capital Partners could raise Fund II — that is, that the deferral was a general, uniform measure applied company-wide rather than a measure singling out Plaintiff or a subset of employees.

73. That representation was material to Plaintiff's decisions to continue working without current pay, to accept the Back Pay Amount as full and final payment for her NextEvo compensation, and to execute the release of claims in Section 14(d) of the Symphonic Offer Letter on May 5, 2025.

74. Upon information and belief, the representation that the deferral was applied uniformly to all similarly situated employees was false at the time it was made, or was with reckless disregard for its truth, in that not all NextEvo employees in fact had their compensation deferred, and the company continued to spend funds on marketing and promotional expenses during the period in which Plaintiff's compensation was withheld.

75. Plaintiff did not learn that the representation was false until September 2025, four months after she had already executed the release in reliance on it.

76. Plaintiff's reliance on the representation was justifiable, as Plaintiff had no reason at the time to doubt the general and uniform character of the deferral as represented to her, and the true state of affairs was known to Defendants and concealed from Plaintiff.

77. Had Plaintiff known that the deferral was not, in fact, applied uniformly to all similarly situated employees, she would not have accepted the Back Pay Amount as full and final satisfaction of her NextEvo compensation, and would not have executed the release of claims in Section 14(d) of the Symphonic Offer Letter on the terms she did.

78. As a direct and proximate result of Defendants' fraudulent inducement, Plaintiff has been damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Cherry Robinson respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

a. Awarding compensatory damages for all unpaid wages and compensation owed under Counts I and III, in an amount to be determined at trial;

b. Awarding unpaid wages plus liquidated damages equal to twenty-five percent of all unpaid wages, pursuant to 43 P.S. § 260.10, under Counts II and IV;

c. Awarding reasonable attorneys' fees and costs pursuant to 43 P.S. § 260.9a, under Counts II and IV;

d. Awarding restitution under Counts V and VI;

e. Awarding compensatory and punitive damages under Count VII;

f. Awarding pre- and post-judgment interest as permitted by law;

g. Awarding such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

THE GOLD LAW FIRM, P.C.

By: ***/s/Sidney L. Gold, Esquire***

Sidney L. Gold, Esquire
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
*Attorney for Plaintiff*

Date: September 23, 2026

**VERIFICATION**

I hereby verify that the statements contained in the attached **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 09/22/2026

Cherry Robinson
Cherry Robinson (Sep 22, 2026 13:40:35 EDT)
**CHERRY ROBINSON, PLAINTIFF**